(May 10, 1951.)

■

Mary E. Lynch, Individually and as Executrix of Catherine E. Mulligan, Deceased, Appellant, v. Jerry Boutin, Respondent.— Order unanimously affirmed, without costs. No opinion. Present — Dore, J. P., Cohn, Van Voorhis, Shientag and McCurn, JJ. [See *post*, p. 942.]

■

Mary E. Lynch, Individually and as Executrix of Catherine E. Mulligan, Deceased, Appellant, v. Jerry Boutin, Respondent.— Order entered May 13, 1950, unanimously affirmed, without costs, and without prejudice, however, to an application by plaintiff, if so advised, to the Temporary State Housing Rent Commission. No opinion. Present — Dore, J. P., Cohn, Van Voorhis, Shientag and McCurn, JJ.

(May 15, 1951.)

■

Frank Sheridan Jonas, Inc., Respondent, v. Guillermo Romanat, Appellant.

Judgment affirmed with costs.

Dore, J. (dissenting). The judgment appealed from by defendant rests on the basic finding that all moneys earned by defendant on the transactions in question "are the property of plaintiff". This record in my opinion fails to support any such severe and drastic result.

Plaintiff had no exclusive agency for the Passio Argentine Commission; the very opposite is the case; that commission was ready to deal with anyone who could secure sources of supply and in fact the testimony establishes that it dealt with forty or fifty sources. Plaintiff had no monopoly of dealings with Klein or his Oakland Truck Sales Co. On the contrary, the terms of the contract signed by Hall of the Reading Company acting at the time as plaintiff's representative, expressly provided that Oakland would not permit plaintiff's representatives further to sell Oakland's products to the Argentine Commission or agree to pay them any *further* commissions on future sales of its products in addition to the commissions it did agree to pay under the contract in question. Accordingly, plaintiff could not get any commission on Klein's subsequent transactions.

Defendant's oral agreement of employment terminable at will had no negative or restrictive covenant against competing with plaintiff after termination of the employment; on the contrary, thereafter defendant had the unquestioned right of competing with his former employer in the absence of fraud or an express agreement to the contrary (*Boosing* v. *Dorman*, 148 App. Div. 824, affd. 210 N. Y. 529; *Goldberg* v. *Goldberg*, 205 App. Div. 435; *Clark Paper & Mfg. Co.* v. *Stenacher*, 236 N. Y. 312). Jonas, plaintiff's main witness, admitted that there was no understanding that after defendant had left